**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Monette Farms Ltd.,<br><br>      Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-10547-LSS |
| In re:<br><br>Monette Land Corp.,<br><br>      Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-10551-LSS |
| In re:<br><br>DMO Holdings Ltd.,<br><br>      Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-10561-LSS |
| In re:<br><br>Goat's Peak Winery Ltd.,<br><br>      Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-10552-LSS |
| In re:<br><br>Monette Farms BC Ltd.,<br><br>      Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-10553-LSS |
| In re:<br><br>Monette Farms Ontario Corp.,<br><br>      Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-10554-LSS |
| In re:<br><br>NexGen Seeds Ltd.,<br><br>      Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-10555-LSS |

| | |
|---|---|
| In re:<br><br>Monette Produce Ltd.,<br><br>     Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-10556-LSS |
| In re:<br><br>Monette Seeds Ltd.,<br><br>     Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-10557-LSS |
| In re:<br><br>Monette Farms Land GP Ltd.,<br><br>     Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-10558-LSS |
| In re:<br><br>Monette Farms Land II GP Ltd.,<br><br>     Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-10559-LSS |
| In re:<br><br>DMO Holdings USA, Inc.,<br><br>     Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-10563-LSS |
| In re:<br><br>Monette Seeds USA LLC,<br><br>     Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-10564-LSS |
| In re:<br><br>Monette Farms Arizona, LLC,<br><br>     Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-10566-LSS |

| | |
|---|---|
| In re:<br><br>Monette Farms USA, Inc.,<br><br>      Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-10567-LSS |
| In re:<br><br>1012595 DE Inc.,<br><br>      Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-10562-LSS |
| In re:<br><br>Monette Produce, LLC,<br><br>      Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-10565-LSS |
| In re:<br><br>Monette Farms BC GP Ltd.,<br><br>      Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-10560-LSS |

**MOTION FOR ENTRY OF AN ORDER (I) DIRECTING JOINT
ADMINISTRATION OF THE DEBTORS' CHAPTER 15 CASES
AND (II) AUTHORIZING CONSOLIDATION OF LISTS OF INFORMATION
REQUIRED BY BANKRUPTCY RULE 1007(A)(4)**

FTI Consulting Canada Inc. ("FTI"), in its capacity as the court-appointed monitor and authorized foreign representative (the "Foreign Representative") of each of the above-captioned debtors (collectively, the "Debtors"), which are the subject of proceedings (the "Canadian Proceedings") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (as amended, the "CCAA"), pending before the Court of King's Bench of Alberta (the "Canadian Court"), by and through its undersigned counsel, respectfully submits this motion (the "Motion"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure

3

(the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), requesting entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) authorizing and directing joint administration of the Debtors' chapter 15 cases (the "Chapter 15 Cases") for procedural purposes only and (ii) authorizing the Foreign Representative to file and maintain a consolidated list of the information required under Bankruptcy Rule 1007(a)(4) (the "Consolidated 1007(a)(4) List").

In support of this Motion, the Foreign Representative relies upon the *Declaration of Deryck Helkaa in Support of (I) Debtors' Verified Petition for (A) Recognition of Foreign Main Proceedings, (B) Recognition of Foreign Representative, and (C) Related Relief Under Chapter 15 of the Bankruptcy Code and (II) Foreign Representative's Motion for Provisional Relief* (the "Helkaa Declaration"), filed contemporaneously herewith and incorporated by reference.  In further support of this Motion, the Foreign Representative respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  Recognition of a foreign proceeding and other matters under chapter 15 of the Bankruptcy Code have been designated core matters under 28 U.S.C. § 157(b)(2)(P).

2.      The Foreign Representative, in its capacity as authorized foreign representative, consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. § 1410.

4.      The bases for the relief requested herein are Section 101(2) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015-1.

## BACKGROUND

5.      On April 17, 2026, the Debtors commenced the Canadian Proceedings in the Canadian Court, and the Canadian Court entered an initial order (the "Initial Order"), granting certain initial relief in connection with the Canadian Proceedings.  The Initial Order, among other things, appointed FTI as the foreign representative for the Debtors.

6.      On the date hereof (the "Petition Date"), the Foreign Representative commenced these Chapter 15 Cases by filing petitions (collectively, the "Chapter 15 Petitions") pursuant to sections 1504 and 1515 of the Bankruptcy Code and the *Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code*, seeking, among other things, recognition by this Court of the Canadian Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

7.      The detailed factual background relating to the Debtors and the commencement of the Chapter 15 Cases is set forth in the Helkaa Declaration.

## RELIEF REQUESTED

8.      The Foreign Representative respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A** (i) authorizing and directing joint administration of the Debtors' Chapter 15 Cases pursuant to Bankruptcy Rule 1015(b) for procedural purposes only and (ii) authorizing the Foreign Representative to file consolidated lists of information required by Bankruptcy Rule 1007(a)(4).

9.      Specifically, the Foreign Representative requests that the Court maintain one file

and one docket for all of the Chapter 15 Cases under the case number assigned to Debtor Monette

Farms Ltd., and that these Chapter 15 Cases be administered under a consolidated caption,

substantially as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| Monette Farms Ltd., *et al.*,[1] | Case No. 26-10547-LSS |
| Debtors in a Foreign Proceeding. | (Jointly Administered) |

[1] The Debtors in these Chapter 15 cases, along with the last four digits of each Debtor's U.S. Federal Employer Identification Number ("FEIN") or Canada Revenue Agency Business Number ("BN"), are: Monette Farms Ltd. (BN 0221); Monette Land Corp. (BN 9609); DMO Holdings Ltd. (BN 3689); Goat's Peak Winery Ltd (BN 0281); Monette Farms BC Ltd. (BN 3314); Monette Farms Ontario Corp. (BN 3538); NexGen Seeds Ltd. (BN 3684); Monette Produce Ltd. (BN 0959); Monette Seeds Ltd. (BN 5307); Monette Farms Land GP Ltd. (BN 9220); Monette Farms Land II GP Ltd. (BN 2423); Monette Farms BC GP Ltd. (BN 0958), DMO Holdings USA, Inc. (FEIN 7641); 1012595 DE Inc. (FEIN 4459); Monette Seeds USA LLC (FEIN 7430); Monette Farms Arizona, LLC  (FEIN 4502); Monette Farms USA, Inc. (FEIN 2442); Monette Produce, LLC (FEIN 9419).  The Debtors' executive headquarters are located at: 280023 Range Road 14, Rocky View County, AB T4B 4L9, Canada.  The Foreign Representative's service address for purposes of these Chapter 15 Cases is 520 5th Ave SW, Suite 1610, Calgary, AB T2P 3R7, Canada.

10.     The Foreign Representative further requests that the Court order that the foregoing

caption satisfies the requirements set forth in the Bankruptcy Code and the Bankruptcy Rules,

including but not limited to section 342(c)(1) of the Bankruptcy Code.

11.     The Foreign Representative also requests that a docket entry, substantially similar

to the following, be entered on the docket in each of these Chapter 15 Cases, other than on the

docket of the case of Monette Farms Ltd., to reflect the joint administration of these cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the Chapter 15 Cases of: Monette Farms Ltd. (Case No. 26-10547-LSS); Monette Land Corp. (Case No. 26-10551-LSS); DMO Holdings Ltd. (Case No. 26-10561-LSS); Goat's Peak Winery Ltd (Case No. 26-10552-LSS); Monette Farms BC Ltd. (Case No. 26-10553-LSS); Monette Farms Ontario Corp. (Case No. 26-10554-LSS); NexGen Seeds Ltd. (Case No. 26-10555-LSS); Monette Produce Ltd. (Case No. 26-10556-LSS); Monette Seeds Ltd. (Case No. 26-10557-LSS); Monette Farms Land GP Ltd.

(Case No. 26-10558-LSS); Monette Farms Land II GP Ltd. (Case No. 26-10559-LSS); 1012595 DE Inc. (Case No. 26-10562-LSS); DMO Holdings USA, Inc. (Case No. 26-10563-LSS); Monette Seeds USA LLC (Case No. 26-10564-LSS); Monette Farms Arizona, LLC (Case No. 26-10566-LSS); Monette Farms USA, Inc. (Case No. 26-10567-LSS); Monette Produce, LLC (Case No. 26-10565-LSS); and Monette Farms BC GP Ltd. (Case No. 26-10560-LSS). The docket in Case No. 26-10547-LSS should be consulted for all matters affecting this case.  All further pleadings and other papers shall be filed in and all further docket entries shall be made in the docket of Monette Farms Ltd., Case No. 26-10547-LSS.

12.    The Foreign Representative also requests that if these Chapter 15 Cases are initially assigned to different judges, that these Chapter 15 Cases be transferred to the judge to whom the Monette Farms Ltd. case was assigned.

13.    Further, the Foreign Representative requests that the Court authorize the Foreign Representative to file the Consolidated 1007(a)(4) List of foreign proceeding administrators and maintain a consolidated list of (a) the parties to litigation pending in the United States involving any of the Debtors and (b) all persons and entities against whom the Foreign Representative seeks provisional relief pursuant to section 1519 of the Bankruptcy Code, to be available to the Debtors' creditors and parties in interest upon request.

14.    Finally, the Foreign Representative seeks authority to send combined notices to the Debtors' creditors and other parties in interest, where appropriate.

**BASIS FOR RELIEF**

15.    Bankruptcy Rule 1015(b) provides that if two or more petitions for relief are pending in the same court by or against a debtor and its affiliate, the Court may order joint administration of the cases.  The Debtors are "affiliates" as the Bankruptcy Code defines that term in section 101(2).  Additionally, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these Chapter 15 Cases:

> The Court may order joint administration of related cases pending in this Court without notice and an opportunity for hearing on a motion supported by an affidavit,

7

declaration, or verification establishing that joint administration of the cases is warranted and will ease the administrative burden for the Court and the parties.

16.     The Debtors, consisting of parent corporations and their direct and indirect subsidiaries, are "affiliates" as the Bankruptcy Code defines that term in section 101(2).  *See* 11 U.S.C. § 101(2).  An order of joint administration relates to the routine administration of a case and may be entered by the Court without notice and an opportunity for hearing.  Local Rule 1015-1.  Accordingly, the Court is authorized to grant the relief requested herein.

17.     The Helkaa Declaration establishes that joint administration of these Chapter 15 Cases is warranted because the Debtors' financial affairs and business operations are closely related and joint administration will ease the administrative burden of these Chapter 15 Cases on the Court and parties in interest.

18.     The Foreign Representative anticipates that the various notices, motions, hearings, orders, and other pleadings in these Chapter 15 Cases will affect all of the Debtors.  The failure to jointly administer these cases would result in numerous duplicative pleadings filed for each issue and served upon separate service lists.  Such duplication of substantially identical documents would be wasteful and would unnecessarily burden the clerk of the Court.

19.     Joint administration will be an administrative convenience for the Court, the clerk's office, and other interested parties.  Entry of an order directing joint administration of these Chapter 15 Cases will avoid duplicative notices and motions, thereby saving the Foreign Representative and all other parties in interest considerable time and expense.  This Motion will not adversely affect the rights of creditors because it requests only administrative consolidation of these Chapter 15 Cases.  Joint administration will not affect any rights that creditors have in or against a particular Debtor and will permit interested parties to look to one bankruptcy case docket with regard to relief that may be sought or ordered with respect to the Debtors in these Chapter 15

Cases.  Granting this Motion will also relieve the Court of the burden of entering duplicative orders and maintaining duplicative files, and supervision of the administrative aspects of these cases by the Office of the United States Trustee for the District of Delaware will be simplified.

20. Courts in this district and others have approved joint administration relief similar to that requested herein in other chapter 15 cases.  Indeed, the entry of joint administration orders is common and generally uncontroversial in chapter 15 cases.[1]

21. Pursuant to section 342(c)(1) of the Bankruptcy Code, "[i]f notice is required to be given by the debtor to a creditor . . . such notice shall contain the name, address, and last 4 digits of the taxpayer identification number of the debtor." The proposed caption contains the required information and, therefore, satisfies section 342(c)(1) of the Bankruptcy Code.

22. The Foreign Representative submits that joint administration of these Chapter 15 Cases is in the best interests of the Debtors, their creditors, and all other interested parties, and that no conflict of interest should arise as a result of joint administration.  Requiring separate administration of these Chapter 15 Cases would subject the Foreign Representative (who would be forced to file documents on numerous dockets), the Debtors, and creditors (who would be forced to monitor numerous dockets) to unnecessary administrative burdens.  For all of the foregoing reasons, the Foreign Representative respectfully requests the entry of an order providing for the joint administration of these Chapter 15 Cases.

23. Furthermore, the Foreign Representative requests that the Court authorize the Debtors to file information required by Bankruptcy Rule 1007(a)(4) on a consolidated basis for all Debtors.  In pertinent part, Bankruptcy Rule 1007(a)(4) provides that:

---

[1] *See, e.g.*, *In re STS Renewables Ltd.*, Case No. 25-10884 (Bankr. D. Del. May 20, 2025) [Docket No. 19]; *In re Voxtur Analytics Corp.*, Case No. 25-11996 (Bankr. D. Del. Nov. 13, 2025) [Docket No. 21]; *In re Thentia Glob. Sys. Inc.*, Case No. 26-10222 (Bankr. D. Del. Feb. 18, 2026) [Docket No. 10]; *In re Cannabist Co. Holdings Inc.*, Case No. 26-10426 (Bankr. D. Del. Mar. 26, 2026) [Docket No. 31].

If a foreign representative files a petition under Chapter 15 for recognition of a foreign proceeding, the representative must—in addition to the documents required by [section] 1515—include with the petition … (B) unless the court orders otherwise, a list containing the names and addresses of: (i) all persons or bodies authorized to administer the debtor's foreign proceedings; (ii) all entities against whom provisional relief is sought under [section] 1519; and (iii) all parties to litigation pending in the United States in which the debtor was a party when the petition was filed.

24.     Filing of a consolidated Bankruptcy Rule 1007(a)(4) list will be more efficient, and no interested parties will be prejudiced by the filing of a consolidated list containing the same information as separate lists for each Debtor.   Accordingly, the Foreign Representative seeks authority to file a consolidated list that identifies the names and addresses of those persons authorized to administer the Canadian Proceedings, parties to litigation pending in the United States in which a debtor is a party, and all entities against whom provisional relief is being sought.

## NOTICE

25.     The Foreign Representative requests that the Court grant this Motion without notice.  The Foreign Representative will serve notice of entry of the order in accordance with the procedures set forth in the *Motion of Foreign Representative for Entry of an Order Scheduling Recognition Hearing and Specifying the Form and Manner of Service of Notice*, filed contemporaneously herewith, consistent with Bankruptcy Rule 2002(q).  In light of the nature of the relief requested, the Foreign Representative requests that this Court find that no further notice is required.

## NO PRIOR REQUEST

26.      No previous request for the relief requested herein has been made to this or any other court.

10

**WHEREFORE**, for the reasons set forth herein, the Foreign Representative respectfully requests entry of the proposed order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.

Dated: April 21, 2026                    Respectfully submitted,
      Wilmington, Delaware

*/s/ Jacob R. Kirkham*

**KOBRE & KIM LLP**
Jacob R. Kirkham (No. 5768)
Stephen J. Astringer (No. 6375)
600 North King Street, Suite 501
Wilmington, Delaware 19801
Telephone: (302) 518-6451
Facsimile: (302) 518-6461
jacob.kirkham@kobrekim.com
stephen.astringer@kobrekim.com

-and-

Daniel J. Saval (*pro hac vice* pending)
John G. Conte (*pro hac vice* pending)
Vincent Yiu (*pro hac vice* pending)
Alaina Heine (*pro hac vice* pending)
800 Third Avenue
New York, New York 10022
Telephone: (212) 488-1259
Facsimile: (212) 488-1220
daniel.saval@kobrekim.com
john.conte@kobrekim.com
vincent.yiu@kobrekim.com
alaina.heine@kobrekim.com

*Counsel to the Foreign Representative*