# <u>EXHIBIT A</u>

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Monette Farms Ltd., *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-10547-LSS<br><br>(Joint Administration Requested) |

**ORDER GRANTING VERIFIED PETITION FOR (I) RECOGNITION OF FOREIGN MAIN PROCEEDINGS, (II) RECOGNITION OF FOREIGN REPRESENTATIVE, AND (III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

Upon consideration of the *Verified Petition for (I) Recognition of Foreign Main Proceedings (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [D.I. __] (the "Verified Petition", together with the chapter 15 petitions filed for each of the Debtors, the "Chapter 15 Petitions"),[2] the Helkaa Declaration, the Oliver Declaration, and the Provisional Relief Motion (together with the Chapter 15 Petitions, the Helkaa Declaration, and the Oliver Declaration, the "Chapter 15 Pleadings"), each filed April 21, 2026, by or on behalf of the Foreign Representative, FTI Consulting Canada Inc. ("FTI"), in its capacity as the duly appointed foreign representative of the above captioned debtors (the "Debtors"), which are subject of the proceedings (the "Canadian Proceedings") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (as amended, the "CCAA"), pending before the

[1] The Debtors in these Chapter 15 cases, along with the last four digits of each Debtor's U.S. Federal Employer Identification Number ("FEIN") or Canada Revenue Agency Business Number ("BN"), are: Monette Farms Ltd. (BN 0221); Monette Land Corp. (BN 9609); DMO Holdings Ltd. (BN 3689); Goat's Peak Winery Ltd (BN 0281); Monette Farms BC Ltd. (BN 3314); Monette Farms Ontario Corp. (BN 3538); NexGen Seeds Ltd. (BN 3684); Monette Produce Ltd. (BN 0959); Monette Seeds Ltd. (BN 5307); Monette Farms Land GP Ltd. (BN 9220); Monette Farms Land II GP Ltd. (BN 2423); Monette Farms BC GP Ltd. (BN 0958), DMO Holdings USA, Inc. (FEIN 7641); 1012595 DE Inc. (FEIN 4459); Monette Seeds USA LLC (FEIN 7430); Monette Farms Arizona, LLC (FEIN 4502); Monette Farms USA, Inc. (FEIN 2442); Monette Produce, LLC (FEIN 9419). The Debtors' executive headquarters are located at: 280023 Range Road 14, Rocky View County, AB T4B 4L9, Canada. The Foreign Representative's service address for purposes of these Chapter 15 Cases is 520 5th Ave SW, Suite 1610, Calgary, AB T2P 3R7, Canada.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Verified Petition.

Court of King's Bench of Alberta (the "Canadian Court"), and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that venue is proper before this Court pursuant to 28 U.S.C. § 1410; and the Court having considered and reviewed the Chapter 15 Pleadings and having held a hearing to consider the relief requested in the Chapter 15 Petitions (the "Hearing"); and it appearing that timely notice of the filing of the Chapter 15 Pleadings and the Hearing has been given pursuant to the *Order Scheduling Recognition Hearing and Specifying the Form and Manner of Service of Notice* and that no other or further notice need be provided; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. These cases were properly commenced pursuant to sections 1504, 1509 and 1515 of the title 11 of the United States Code (the "Bankruptcy Code").

C. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.

D. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

E. Venue is proper in this district pursuant to 28 U.S.C. § 1410.

F. The Canadian Proceedings are "foreign proceedings" within the meaning of section 101(23) of the Bankruptcy Code.

G. The Canadian Proceedings are pending in Canada, which is the country in which the Debtors have their center of main interests and, as such, the Canadian Proceedings are "foreign main proceedings" within the meaning of sections 1502(4) and 1517(b)(1) of the Bankruptcy Code and are entitled to recognition as foreign main proceedings in respect of each of the Debtors.

H. The Foreign Representative, FTI Consulting Canada Inc., is a "person," as such term is defined in section 101(41) of the Bankruptcy Code, has been duly appointed by the Debtors, and has been declared by the Canadian Court as authorized to act as the "foreign representative" with respect to the Canadian Proceedings within the meaning of section 101(24) of the Bankruptcy Code.

I. The Petitions for Recognition meet all of the requirements set forth in section 1515 of the Bankruptcy Code and Bankruptcy Rules 1007(a)(4) and 2002(q).

J. The Canadian Proceedings are entitled to recognition by the Court pursuant to section 1517(a) of the Bankruptcy Code, and the Debtors have satisfied the eligibility requirements of section 109(a) of the Bankruptcy Code, as applicable.

K. The Debtors and the Foreign Representative are entitled to all of the relief set forth in section 1520 of the Bankruptcy Code.

L. Appropriate notice of the filing of, and the Hearing on, the Chapter 15 cases was given, is deemed adequate for all purposes, and no other or further notice need be given.

M. The relief granted hereby is necessary and appropriate, in the interests of the public and of international comity, not inconsistent with the public policy of the United States, warranted

pursuant to sections 105(a), 362, 363, 364, 365, 1507(a), 1509(b)(2)–(3), 1516, 1520, 1521, 1522, and 1525 of the Bankruptcy Code, and will not cause hardship to creditors of the Debtors or other parties in interests that is not outweighed by the benefits of granting that relief.

N. The relief granted hereby is necessary to effectuate the purposes and objectives of chapter 15 and to protect the Debtors and the interests of their creditors and other parties in interest.

O. Absent the relief granted hereby, the Debtors and their directors and officers may be subject to the prosecution of judicial, quasi-judicial, arbitration, administrative or regulatory actions or proceedings in connection with the Canadian Proceedings or otherwise against the Debtors and their directors and officers or their property, thereby interfering with and causing harm to the Debtors, their creditors, and other parties in interest in the Canadian Proceedings and, as a result, the Debtors, their creditors, and such other parties in interest would suffer irreparable injury for which there is no adequate remedy at law.

P. Absent the requested relief, the efforts of the Debtors, the Canadian Court, and the Foreign Representative in conducting the Canadian Proceedings and effecting their restructuring or sale process therein may be thwarted by the actions of certain creditors, a result that will obstruct the purposes of chapter 15 as reflected in section 1501(a) of the Bankruptcy Code.

Q. Each of the injunctions contained in this Order (i) is within the Court's jurisdiction, (ii) is essential to the success of the Debtors' restructuring in the CCAA Proceeding, (iv) confers material benefits on, and is in the best interests of, the Debtors and their creditors, and (v) is important to the overall objectives of the such restructuring.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Chapter 15 Petitions and the Relief Requested are granted as set forth herein, and any objections thereto are overruled with prejudice.

2. The Canadian Proceedings are granted recognition with respect to each of the Debtors as foreign main proceedings (as defined in section 1502(4) of the Bankruptcy Code) pursuant to sections 1517(a) and (b)(1) of the Bankruptcy Code.

3. FTI Consulting Canada Inc. is recognized as the "foreign representative" as defined in section 101(24) of the Bankruptcy Code in respect of the Canadian Proceedings.

4. The Debtors and the Foreign Representative are granted all of the relief set forth in section 1520 of the Bankruptcy Code including, without limitation, the application of the protection afforded by the automatic stay under section 362(a) of the Bankruptcy Code to the Group and the Debtors' current and former officers and directors and their property that is now within or in the future is located within the territorial jurisdiction of the United States.

5. Any and all Provisional Relief (as defined in the Provisional Relief Motion) not granted in the Provisional Relief Order, if any, is hereby granted pursuant to section 1521(a)(7) of the Bankruptcy Code.

6. The Initial Order or the Amended and Restated Initial Order (to the extent it supersedes the Initial Order), including any and all existing and future extensions, amendments, restatements, and/or supplements authorized by the Canadian Court, are hereby given full force and effect, on a final basis, with respect to the Group and the Debtors' current and former officers and directors and their property that now or in the future is located within the territorial jurisdiction of the United States.

7. Pursuant to 11 U.S.C. § 1521(a)(1)–(3), all persons and entities, other than the Foreign Representative and his representatives and agents, are hereby enjoined (to the extent they have not been stayed under section 1520(a)) from:

a. execution against the Group and the Debtors' current and former officers and directors and their property that is within the territorial jurisdiction of the United States.

b. the commencement or continuation, including the issuance or employment of process, of a judicial, quasi-judicial, administrative, regulatory, arbitral, or other action or proceeding, or to recover a claim, including, without limitation, any and all unpaid judgments, settlements or otherwise against the Group and the Debtors' current and former officers and directors, which in either case is in any way related to, or would interfere with, the administration of the Debtors' estates in the Canadian Proceedings;

c. taking or continuing any act to create, perfect, or enforce a lien or other security interest, setoff or other claim against the Group and the Debtors' current and former officers and directors or any of their property or proceeds thereof;

d. transferring, relinquishing, or disposing of any property of the Group and the Debtors' current and former officers and directors to any person or entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative;

e. commencing or continuing an individual action or proceeding concerning the Group's and the Debtors' current and former officers and directors' assets, rights, obligations or liabilities; and

f. declaring or considering the filing of the Canadian Proceedings or these chapter 15 cases a default or event of default under any agreement, contract or arrangement;

provided, in each case, that such injunctions shall be effective solely within the territorial jurisdiction of the United States; and provided further that nothing herein shall: (x) prevent any entity from filing any claims against the Debtors in the Canadian Proceedings or (y) prevent any entity from seeking relief from the Canadian Court in the Canadian Proceedings or this Court in these Chapter 15 Cases, as applicable, for relief from the injunctions contained in the Order.

8. Pursuant to 11 U.S.C. §§ 1521(a)(5) and 1521(b), the administration, realization, and distribution of the Debtors' assets within the territorial jurisdiction of the United States is entrusted to the Foreign Representative and the Foreign Representative is hereby established as the exclusive representative of the Debtors in the United States.

9. Pursuant to 11 U.S.C. §§ 152l (a)(6) and 1521(a)(7), all prior relief granted to the Debtors or the Foreign Representative by this Court pursuant to section 1519(a) or 1521 of the Bankruptcy Code shall be extended and that certain Order Granting Provisional Relief [D.I. _] shall remain in full force and effect on a final basis, notwithstanding anything to the contrary contained therein.

10. Pursuant to sections 364(c) and 364(d) of the Bankruptcy Code, the DIP Lenders are hereby granted valid, binding, enforceable, and automatically perfected liens (the "U.S. DIP Liens") on all property of the Debtors now owned or hereafter acquired that is located within the territorial jurisdiction of the United States, as security for all obligations of the Debtors under the DIP Credit Facility. The U.S. DIP Liens shall have the same priority as the DIP Charge granted by the Canadian Court under the Initial Order and the Amended and Restated Initial Order and shall be deemed granted on a provisional basis as of the date of entry of the Provisional Relief Order and confirmed on a final basis as of the date of entry of this Order. The U.S. DIP Liens shall be deemed perfected without the necessity of filing or recording any financing statement, mortgage, or other instrument or document in any jurisdiction, or taking any other action to validate or perfect such liens. Any advances made under the DIP Credit Facility shall be deemed to have been made in "good faith" as contemplated by section 364(e) of the Bankruptcy Code.

11. No action, inaction or acquiescence by the DIP Agent or the DIP Lenders, including, without limitation, funding the Debtors' ongoing operations under this Order, shall be

deemed to be or shall be considered as evidence of any alleged consent by the DIP Agent or the DIP Lenders to a charge against the collateral pursuant to sections 506(c), 552(b) or 105(a) of the Bankruptcy Code. The DIP Agent and the DIP Lenders shall not be subject in any way whatsoever to the equitable doctrine of "marshaling" or any similar doctrine with respect to the collateral.

12. No person or entity shall be entitled, directly or indirectly, whether by operation of sections 506(c), 552(b) or 105 of the Bankruptcy Code or otherwise, to direct the exercise of remedies or seek (whether by order of this Court or otherwise) to marshal or otherwise control the disposition of any collateral or property after a Default or an Event of Default under the DIP Term Sheet, or termination or breach under the DIP Credit Facility, the Initial Order, the Amended and Restated Initial Order (upon is entry by the Canadian Court) or this Order.

13. The Foreign Representative, the Debtors, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

14. No action taken by the Foreign Representative, the Debtors, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Canadian Proceedings, this order, these chapter 15 cases, or any adversary proceeding herein, or any further proceeding commenced hereunder, shall be deemed to constitute a waiver of the rights or benefits afforded such persons under sections 306 and 1510 of the Bankruptcy Code.

15. Notwithstanding any provision in the Bankruptcy Rules to the contrary, including, but not limited to, Bankruptcy Rules 7062 and 1018, (i) this Order shall be effective immediately and enforceable upon its entry; (ii) the Foreign Representative and the DIP Lender are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (c) the Foreign Representative and the Debtors are authorized and empowered, and may in

their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

16. A copy of this Order shall be served (i) within five (5) business days of entry of this order, by electronic mail to the extent email addresses are available and otherwise by U.S. mail, overnight or first-class postage prepaid, upon the Notice Parties (as defined in the *Motion of Foreign Representative for Entry of an Order Scheduling Recognition Hearing and Specifying the Form and Manner of Service of Notice*) and such other entities as the Court may direct. Such service shall be good and sufficient service and adequate notice for all purposes.

17. The Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any request for additional relief and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of the Court.

18. This Order shall be effective and enforceable immediately upon entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).