**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Monette Farms Ltd., *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-10547-LSS<br><br>(Joint Administration Requested) |

**MOTION OF FOREIGN REPRESENTATIVE FOR**
**ENTRY OF AN ORDER SCHEDULING RECOGNITION HEARING AND**
**SPECIFYING THE FORM AND MANNER OF SERVICE OF NOTICE**

FTI Consulting Canada Inc. ("FTI"), in its capacity as the court-appointed monitor and authorized foreign representative (the "Foreign Representative") for the above-captioned debtors (collectively, the "Debtors"), which are subject of the proceedings (the "Canadian Proceedings") under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (as amended, the "CCAA"), pending before the Court of King's Bench of Alberta (the "Canadian Court"), by and through its undersigned counsel, respectfully states as follows in support of this motion (the "Motion"):

**RELIEF REQUESTED**

1. The Foreign Representative respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"):

---

[1] The Debtors in these Chapter 15 cases, along with the last four digits of each Debtor's U.S. Federal Employer Identification Number ("FEIN") or Canada Revenue Agency Business Number ("BN"), are: Monette Farms Ltd. (BN 0221); Monette Land Corp. (BN 9609); DMO Holdings Ltd. (BN 3689); Goat's Peak Winery Ltd (BN 0281); Monette Farms BC Ltd. (BN 3314); Monette Farms Ontario Corp. (BN 3538); NexGen Seeds Ltd. (BN 3684); Monette Produce Ltd. (BN 0959); Monette Seeds Ltd. (BN 5307); Monette Farms Land GP Ltd. (BN 9220); Monette Farms Land II GP Ltd. (BN 2423); Monette Farms BC GP Ltd. (BN 0958), DMO Holdings USA, Inc. (FEIN 7641); 1012595 DE Inc. (FEIN 4459); Monette Seeds USA LLC (FEIN 7430); Monette Farms Arizona, LLC  (FEIN 4502); Monette Farms USA, Inc. (FEIN 2442); Monette Produce, LLC (FEIN 9419). The Debtors' executive headquarters are located at: 280023 Range Road 14, Rocky View County, AB T4B 4L9, Canada. The Foreign Representative's service address for purposes of these Chapter 15 Cases is 520 5th Ave SW, Suite 1610, Calgary, AB T2P 3R7, Canada.

a.  Approving the form of notice attached to the Proposed Order as **Exhibit 1** (the "Recognition Hearing Notice"), which provides parties in interest notice of, among other things, the following:

    i.  The Foreign Representative's filing of petitions for recognition under chapter 15 of the Bankruptcy Code (the "Chapter 15 Petitions") and certain related papers, including the *Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Verified Petition");

    ii.  The Court's entry of an order (the "Provisional Relief Order") granting the *Foreign Representative's Motion for Provisional Relief* (the "Provisional Relief Motion");

    iii.  The deadline to object to final recognition of the Canadian Proceedings and the Court's entry of an order (the "Final Order") granting the relief sought in the Verified Petition (including an extension of the relief provided in the Provisional Relief Order) on a final basis (the "Recognition Objection Deadline"); and

    iv.  The date, time and location of the Recognition Hearing (defined below);

b.  Scheduling a hearing (the "Recognition Hearing") for the Court to consider final recognition of the Canadian Proceedings as foreign main proceedings and the other relief sought in the Verified Petition on a final basis;

c.  Approving the manner of service of the Recognition Hearing Notice on the Master Service List (as defined below);

d.  Approving the manner of service of any pleadings that the Foreign Representative files and is required to serve in these chapter 15 cases on the Core Notice Parties (as defined below); and

e.  Granting certain related relief.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012 (the "Amended Standing Order").

3.  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1(f) of the Local Rules of the

United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with the Verified Petition and this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.     These Chapter 15 Cases (as defined below) have been properly commenced pursuant to sections 1504 and 1509 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), by the filing of petitions for recognition of the Canadian Proceedings under section 1515 of the Bankruptcy Code.

5.     Venue is proper pursuant to 28 U.S.C. §§ 1410(1)–(3).

6.     The statutory predicates for the relief requested herein are sections 105(a), 1504, 1510, 1514, 1515, 1517, and 1521 of the Bankruptcy Code, Bankruptcy Rules 2002, 9006, 9007, and 9008 and Local Rule 9013-1(m).

## BACKGROUND

7.     On April 17, 2026, the Debtors commenced the Canadian Proceedings in the Canadian Court, and on April 21, 2026, the Canadian Court entered an initial order (the "Initial Order"), granting certain initial relief in connection with the Canadian Proceedings.  The Initial Order, among other things, appointed FTI as the foreign representative for the Debtors.

8.     On the date hereof (the "Petition Date"), the Foreign Representative filed the Chapter 15 Petitions, commencing the above-captioned cases (the "Chapter 15 Cases").

9.     A description of the Debtors' business and the events leading up to the commencement of the Canadian Proceedings and these Chapter 15 Cases is included in the Verified Petition and the *Declaration of Deryck Helkaa in Support of (I) Debtors' Verified Petition for (A) Recognition of Foreign Main Proceedings, (B) Recognition of Foreign Representative, and*

*(C) Related Relief Under Chapter 15 of the Bankruptcy Code and (II) Foreign Representative's*

*Motion for Provisional Relief* (the "Helkaa Declaration"), filed concurrently herewith and fully

incorporated herein by reference.

## BASIS FOR RELIEF REQUESTED

### A.      Form and Manner of Notice

10.      Bankruptcy Rule 2002(q)(1) provides that:

> The clerk or the court's designee must promptly give at least 21
> days' notice by mail of the hearing to: the debtor; all persons or
> bodies authorized to administer the debtor's foreign proceedings; all
> entities against whom provisional relief is being sought under §
> 1519; all parties to litigation pending in the United States in which
> the debtor was a party when the petition was filed; and any other
> entities as the court orders.  If the court consolidates the hearing on
> the petition with a hearing on a request for provisional relief, the
> court may set a shorter notice period.

Fed. R. Bankr. P. 2002(q)(1).

11.      Bankruptcy Rule 2002(q), however, does not provide any additional details

regarding the form and manner in which such notice must be given.  Therefore, pursuant to

Bankruptcy Rules 2002(m) and 9007, when notice is to be given under the Bankruptcy Rules, the

presiding court may designate the form and manner in which such notice shall be given.

12.      Consistent with the requirements of Bankruptcy Rule 2002(q), the Foreign

Representative proposes to serve the Recognition Hearing Notice by United States mail or

Canadian mail, first class postage prepaid, and by electronic mail to the extent email addresses are

available, within three (3) business days following entry of the Proposed Order and Provisional

Relief Order, or as soon thereafter as is reasonably practicable, on: (a) the Debtors; (b) all persons

or bodies authorized to administer foreign proceedings of the Debtors; (c) all parties to the

litigation pending in the United States in which a Debtor was a party at the time of the filing of the

Chapter 15 Petitions; (d) all parties against whom provisional relief is being sought under section

4

1519 of the Bankruptcy Code, including all known creditors and contract counterparties of the Debtors in the United States; (e) all parties which hold equity in a Debtor with addresses that, according to the Debtors' books and records, are located in the United States; (f) parties which have appeared in the Canadian Proceedings as of the date of service of the relevant pleading or notice; (g) all Canadian-based parties in interest of the Debtors; (h) all parties in interest of the Non-Debtor Stay Parties (as defined in the Helkaa Declaration); (i) the Office of the United States Trustee for the District of Delaware; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Master Service List").

13.     The Recognition Hearing Notice will (a) notify parties on the Master Service List of the filing of the Chapter 15 Petitions and certain related pleadings in the Chapter 15 Cases, including the Provisional Relief Order, Verified Petition, the proposed Final Order, and the Initial Order in the Canadian Proceedings (collectively, the "Notice Documents"); (b) set forth the Recognition Objection Deadline and the date and time of the Recognition Hearing; (c) notify parties on the Master Service List that copies of the Notice Documents are available and may be examined (i) free of charge by contacting the Foreign Representative's U.S. counsel or (ii) downloaded for a fee from the Court's electronic docket at www.deb.uscourts.gov; and (d) provide an email address by which parties on the Master Service List may obtain documents filed in these Chapter 15 Cases, including the Notice Documents.

14.     Accordingly, the Foreign Representative respectfully requests that this Court approve the foregoing manner of service of the Notice Documents pursuant to Bankruptcy Rules 2002(m), 2002(q)(1), and 9007.

**B.     Core Notice Parties**

15.     The Foreign Representative proposes to serve copies of the Notice Documents and other papers it files in these cases by United States mail or Canadian mail, first class postage

prepaid, and by electronic mail to the extent email addresses are available, on the following parties, or their counsel, if known: (a) the Debtors; (b) all persons or bodies authorized to administer foreign proceedings of the Debtors; (c) the Office of the United States Trustee for the District of Delaware; (d) counsel to the DIP Lenders (as defined in the Provisional Relief Motion); (e) counsel to The Bank of Nova Scotia; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Core Notice Parties").

### C. Objections to Chapter 15 Petitions and Verified Petition

16. The Foreign Representative further requests that the Court require that objections or responses, if any, to the Chapter 15 Petitions, recognition of the Canadian Proceedings as foreign main proceedings, or to any of the other relief requested in the Verified Petition, (i) be in writing; (ii) detail the factual and legal basis for the response or objection; (iii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; and (iv) be filed with the Office of the Clerk of the Court, 824 N. Market Street, Third Floor, Wilmington, Delaware 19801, and served upon the undesigned counsel to the Foreign Representative so as to be received at least seven (7) days prior to the Recognition Hearing.

### D. Recognition Hearing

17. The Foreign Representative requests that the Recognition Hearing be scheduled on or about May 14, 2026, or as soon thereafter is convenient for the Court.

### WAIVER OF REQUIREMENTS OF SECTION 1514(C) OF THE BANKRUPTCY CODE

18. The Foreign Representative respectfully requests that the Court waive, to the extent applicable, the requirements of section 1514(c) of the Bankruptcy Code, which provides as follows:

> (c) When a notification of commencement of a case is to be given to foreign creditors, such notification shall—

6

(1) indicate the time period for filing proofs of claim and specify the place for filing such proofs of claim;

(2) indicate whether secured creditors need to file proofs of claim; and

(3) contain any other information required to be included in such notification to creditors under this title and the orders of the court.

11 U.S.C. § 1514(c).  Initially, it is not clear that section 1514(c) of the Bankruptcy Code is applicable to ancillary cases under chapter 15 of the Bankruptcy Code.  According to Collier on Bankruptcy, section 1514 of the Bankruptcy Code is the "last in a series of sections dealing with the international aspects of cases under chapters other than chapter 15."  8 COLLIER ON BANKRUPTCY ¶ 1514.01 (Alan N. Resnick, *et al.*, 16th ed. rev. 2009).  For these reasons, the Foreign Representative does not believe that the requirements set forth in section 1514 apply to these cases; however, out of an abundance of caution, the Foreign Representative respectfully requests that, to the extent applicable, the notice requirements of section 1514 of the Bankruptcy Code be waived in these Chapter 15 Cases.

19.    In any event, the Foreign Representative does not currently intend to conduct a claims process in these Chapter 15 Cases; therefore, the requirements of section 1514(c) are not applicable.  To the extent there is a claims process established in the Canadian Proceedings, the Foreign Representative will comply with any relevant orders issued by the Canadian Court with respect to providing notice of any applicable deadlines or procedures for filing claims.

**NOTICE**

20.    The Foreign Representative proposes that upon entry of the Proposed Order, the Foreign Representative will cause the Recognition Hearing Notice to be served in the manner approved in the Proposed Order.  In light of the nature of the relief requested herein, the Foreign Representative submits that no other or further notice of this Motion is necessary or required.

7

**WHEREFORE**, the Foreign Representative respectfully requests that the Court enter the Proposed Order, in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: April 22, 2026                                    Respectfully submitted,
      Wilmington, Delaware

                                                   */s/ Stephen J. Astringer*

                                                   **KOBRE & KIM LLP**
Jacob R. Kirkham (No. 5768)
Stephen J. Astringer (No. 6375)
600 North King Street, Suite 501
Wilmington, Delaware 19801
Telephone: (302) 518-6451
Facsimile: (302) 518-6461
jacob.kirkham@kobrekim.com
stephen.astringer@kobrekim.com

-and-

Daniel J. Saval (*pro hac vice* pending)
John G. Conte (*pro hac vice* pending)
Vincent Yiu (*pro hac vice* pending)
Alaina Heine (*pro hac vice* pending)
800 Third Avenue
New York, New York 10022
Telephone: (212) 488-1259
Facsimile: (212) 488-1220
daniel.saval@kobrekim.com
john.conte@kobrekim.com
vincent.yiu@kobrekim.com
alaina.heine@kobrekim.com

*Counsel to the Foreign Representative*