**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Monette Farms Ltd., *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 26-10547-LSS<br><br>(Jointly Administered) |

**ORDER GRANTING VERIFIED PETITION FOR (I) RECOGNITION OF FOREIGN MAIN PROCEEDINGS, (II) RECOGNITION OF FOREIGN REPRESENTATIVE, AND (III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

Upon consideration of the *Verified Petition for (I) Recognition of Foreign Main Proceedings (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [D.I. 4] (the "Verified Petition", together with the chapter 15 petitions filed for each of the Debtors, the "Chapter 15 Petitions"),[2] the Helkaa Declaration, the Supplemental Helkaa Declaration,[3] the Oliver Declaration, the Supplemental Oliver Declaration,[4] the Supplemental Brief,[5] and the Provisional Relief Motion (together, the "Chapter 15 Pleadings"), filed on April 21, 2026 or May 11, 2026, by or on behalf of the Foreign Representative, FTI

[1] The Debtors in these Chapter 15 cases, along with the last four digits of each Debtor's U.S. Federal Employer Identification Number ("FEIN") or Canada Revenue Agency Business Number ("BN"), are: Monette Farms Ltd. (BN 0221); Monette Land Corp. (BN 9609); DMO Holdings Ltd. (BN 3689); Goat's Peak Winery Ltd (BN 0281); Monette Farms BC Ltd. (BN 3314); Monette Farms Ontario Corp. (BN 3538); NexGen Seeds Ltd. (BN 3684); Monette Produce Ltd. (BN 0959); Monette Seeds Ltd. (BN 5307); Monette Farms Land GP Ltd. (BN 9220); Monette Farms Land II GP Ltd. (BN 2423); Monette Farms BC GP Ltd. (BN 0958); DMO Holdings USA, Inc. (FEIN 7641); 1012595 DE Inc. (FEIN 4459); Monette Seeds USA LLC (FEIN 7430); Monette Farms Arizona, LLC (FEIN 4502); Monette Farms USA, Inc. (FEIN 2442); Monette Produce, LLC (FEIN 9419). The Debtors' executive headquarters are located at: 280023 Range Road 14, Rocky View County, AB T4B 4L9, Canada. The Foreign Representative's service address for purposes of these Chapter 15 Cases is 520 5th Ave SW, Suite 1610, Calgary, AB T2P 3R7, Canada.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Verified Petition.

[3] *See Supplemental Declaration of Deryck Helkaa in Support of Verified Petition* [D.I. 40].

[4] *See Supplemental Declaration of Jeffery Oliver in Support of Verified Petition* [D.I. 41].

[5] *See Supplement in Support of Verified Petition for (I) Recognition of Foreign Main Proceedings (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [D.I. 39].

Consulting Canada Inc. ("FTI"), in its capacity as the duly authorized foreign representative of the above captioned debtors (the "Debtors"), which are the subject of the proceedings (the "Canadian Proceedings") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (as amended, the "CCAA"), pending before the Court of King's Bench of Alberta (the "Canadian Court"), and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that venue is proper before this Court pursuant to 28 U.S.C. § 1410; and the Court having considered and reviewed the Chapter 15 Pleadings and having held a hearing to consider the relief requested in the Chapter 15 Petitions (the "Hearing"); and it appearing that timely notice of the filing of the Chapter 15 Pleadings and the Hearing has been given pursuant to the *Order Scheduling Recognition Hearing and Specifying the Form and Manner of Service of Notice* and that no other or further notice need be provided; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. These cases were properly commenced pursuant to sections 1504, 1509 and 1515 of the title 11 of the United States Code (the "Bankruptcy Code"), and the Chapter 15 Petitions meet the requirements of sections 1504 and 1515 of the Bankruptcy Code.

C. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.

D. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

E. Venue is proper in this district pursuant to 28 U.S.C. § 1410.

F. The Canadian Proceedings are "foreign proceedings" within the meaning of section 101(23) of the Bankruptcy Code.

G. Canada is the center of main interests of each of the Debtors and, accordingly, the Canadian Proceedings are "foreign main proceedings" within the meaning of sections 1502(4) and 1517(b)(1) of the Bankruptcy Code and are entitled to recognition as foreign main proceedings in respect of each of the Debtors.

H. The Foreign Representative, FTI, is a "person," as such term is defined in section 101(41) of the Bankruptcy Code, has been duly appointed by the Debtors, and has been declared by the Canadian Court as authorized to act as the "foreign representative" with respect to the Canadian Proceedings within the meaning of section 101(24) of the Bankruptcy Code.

I. The Foreign Representative has satisfied the requirements set forth in Bankruptcy Rules 1007(a)(4) and 2002(q).

J. The Canadian Proceedings are entitled to recognition by the Court pursuant to section 1517(a) of the Bankruptcy Code, and the Debtors have satisfied the eligibility requirements of section 109(a) of the Bankruptcy Code, as applicable.

K. The Debtors and the Foreign Representative are entitled to all of the relief set forth in section 1520 of the Bankruptcy Code.

L. Appropriate notice of the filing of, and the Hearing on, the Chapter 15 Cases was given, is deemed adequate for all purposes, and no other or further notice need be given.

M. The relief granted hereby is necessary and appropriate, in the interests of the public and of international comity, not inconsistent with the public policy of the United States, and warranted pursuant to the Bankruptcy Code.

N. The relief granted hereby is necessary to effectuate the purposes and objectives of chapter 15 and to protect the Debtors, their property and the interests of their creditors and other parties in interest.

O. Absent the relief granted hereby, the Debtors and their directors and officers may be subject to the prosecution of judicial, quasi-judicial, arbitration, administrative or regulatory actions or proceedings in connection with the Canadian Proceedings or otherwise against the Debtors and their directors and officers or their property, thereby interfering with and causing harm to the Debtors, their creditors, and other parties in interest and, as a result, the Debtors, their creditors, and such other parties in interest would suffer irreparable injury for which there is no adequate remedy at law.

P. Each of the injunctions contained in this Order (i) is within the Court's jurisdiction, (ii) is essential to the success of the Debtors' restructuring in the Canadian Proceedings, (iv) confers material benefits on, and is in the best interests of, the Debtors and their creditors, and (v) is important to the overall objectives of such restructuring.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Chapter 15 Petitions and the Relief Requested are granted as set forth herein.

2. The Canadian Proceedings are granted recognition with respect to each of the Debtors as foreign main proceedings (as defined in section 1502(4) of the Bankruptcy Code) pursuant to sections 1517(a) and (b)(1) of the Bankruptcy Code.

3. FTI is recognized as the "foreign representative" as defined in section 101(24) of the Bankruptcy Code in respect of the Canadian Proceedings.

4. The Debtors and the Foreign Representative are granted all of the relief set forth in section 1520 of the Bankruptcy Code including, without limitation, the application of the protection afforded by the automatic stay under section 362(a) of the Bankruptcy Code to the Debtors and their property that is now within or in the future is located within the territorial jurisdiction of the United States.

5. The Initial Order and the Amended and Restated Initial Order (to the extent it supersedes the Initial Order), including any and all existing and future extensions, amendments, restatements, and/or supplements authorized by the Canadian Court, are hereby recognized, enforced, and given full force and effect on a final basis in the United States to the same extent that they are given effect in Canada.

6. Pursuant to 11 U.S.C. §§ 1521(a)(1)–(3), and (7), all persons and entities, other than the Foreign Representative and its representatives and agents, are hereby enjoined (to the extent they have not been stayed under section 1520(a)) from:

a. execution against the Debtors or their property;

b. the commencement or continuation, including the issuance or employment of process, of a judicial, quasi-judicial, administrative, regulatory, arbitral, or other action or proceeding, or to recover a claim, including, without limitation, any and all unpaid judgments, settlements or otherwise against the Debtors;

c. taking or continuing any act to create, perfect, or enforce a lien or other security interest, setoff or other claim against the Debtors or any of their property or proceeds thereof;

d. transferring, relinquishing, or disposing of any property of the Debtors to any person or entity (as that term is defined in section 101(15) of the Bankruptcy Code);

e. commencing or continuing an individual action or proceeding concerning the Debtors assets, rights, obligations or liabilities;

f. declaring or considering the filing of the Canadian Proceedings or the Chapter 15 Cases a default or event of default under any agreement, contract, lease, or arrangement of the kind described in section 365(e) of the Bankruptcy Code;

*provided*, in each case, that such injunctions shall be effective solely within the territorial jurisdiction of the United States; and *provided further* that nothing herein shall: (x) prevent any entity from filing any claims against the Debtors in the Canadian Proceedings or (y) prevent any entity from seeking relief from the Canadian Court in the Canadian Proceedings or this Court in these Chapter 15 Cases, as applicable, for relief from the injunctions contained in the Order.

7. Pursuant to 11 U.S.C. § 1521(a)(6), all prior relief granted to the Debtors or the Foreign Representative by this Court pursuant to section 1519(a) of the Bankruptcy Code shall be extended and that certain *Order Granting Provisional Relief* [D.I. 33] (the "Provisional Relief Order") shall remain in full force and effect on a final basis, notwithstanding anything to the contrary contained therein.

8. Any loans made by the DIP Lenders in accordance with the DIP Term Sheet are extended in "good faith" as contemplated by section 364(e) of the Bankruptcy Code, such that the validity of DIP Loans, and the priority of the DIP Lender's Charge in respect of the Debtors' property located within the territorial jurisdiction of the United States shall not be affected by any reversal or modification of the Provisional Relief Order or this Order on appeal unless the validity of DIP Loans or the priority of the DIP Lender's Charge were stayed pending appeal.

9. The Foreign Representative, the Debtors, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

10. The Foreign Representative, the Debtors, and/or each of their respective successors, agents, representatives, advisors, or counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

11. Notwithstanding any provision in the Bankruptcy Rules to the contrary, including, but not limited to, Bankruptcy Rules 7062 and 1018, (i) this Order shall be effective immediately and enforceable upon its entry; (ii) the Foreign Representative and the DIP Lender are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (iii) the Foreign Representative and the Debtors are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

12. A copy of this Order shall be served (i) within five (5) business days of its entry, by electronic mail to the extent email addresses are available and otherwise by U.S. mail, overnight or first-class postage prepaid, upon the Core Notice Parties (as defined in the *Motion of Foreign Representative for Entry of an Order Scheduling Recognition Hearing and Specifying the Form and Manner of Service of Notice* [Doc. No. 8]) and such other entities as the Court may direct. Such service shall constitute good and sufficient service and adequate notice for all purposes.

13. The Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any request for additional relief and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of the Court.

14. This Order shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

**Dated: May 13th, 2026**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**